IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| GULF RESTORATION NETWORK ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OSCAR RENDA CONTRACTING, INC. ) <br> ) <br> Defendant. ) <br> ──────────────────────────── ) | CASE NO. 1:17cv130-LG-RHW <br><br> Judge Louis Guirola, Jr. <br><br> Magistrate Judge Robert H. Walker |

**RESPONSE TO STATEMENT OF UNCONTESTED FACTS**

Gulf Restoration Network ("GRN") submits the following response to the Statement of Uncontested Facts (CM/ECF Doc. No. 34-1) filed by Oscar Renda Contracting, Inc. ("ORC") as part of ORC's motion for partial summary judgment on the issue of notice related to GRN's claims under Section 404 of the Clean Water Act, 33 U.S.C. § 1344 (CM/ECF Doc. Nos. 34, 35).

**Response to ORC's Statement of Uncontested Facts**

1. Agreed. GRN filed an Amended Complaint including, *inter alia*, its Tenth Claim for Relief, entitled "Filling waters of the United States without a permit" and consisting of the following language:

> Oscar Renda has disposed of fill material in wetlands without a permit under section 404 of the Clean Water Act by dumping piles of earth, rock and/or other construction materials directly into navigable waters, and by placing such piles next to sensitive receiving waters with ineffective or no erosion controls, thereby allowing the construction materials to wash into navigable waters.

(CM/ECF Doc. No. 14 at 23).

2. Agreed. GRN attached its 60-day notice of intent to sue as Exhibit 1 to its Complaint. (CM/ECF Doc. No. 1-1 at 1-41).

1

3. Disputed. ORC's representation that the notice letter contains a single reference "to a violation of Section 404 of the Clean Water Act" is inaccurate and misleading when the contents of the notice letter, the photos, and the information in the index to the photos are reviewed as a whole. The notice letter expressly cites to "Section 404 of the Clean Water Act," and the letter and its attachments contain multiple textual and photographic references to ORC's prohibited conduct within the substance of Section 404—namely, that ORC has dumped materials directly into navigable waters and failed to mitigate the impact of the same, thereby violating the Clean Water Act. (CM/ECF Doc. 1-1 at 1-11). The index to the photos identifies each photo by name, date, medium, phase of the project, street location, and a brief description. Thus, ORC's characterization of a single quoted sentence from the notice letter as being the "only reference" to a § 404 violation is akin to a legal argument and not a true statement of fact.

4. Disputed. GRN disputes ORC's pairing of a single sentence from GRN's notice letter against wording from the Amended Complaint for the same reasons discussed in paragraph 3, above. Again, ORC's characterization of this single sentence as being the entirety of "the relevant language in the notice letter" amounts to legal argument rather than a true statement of fact.

## GRN's Statement of Additional Uncontested Facts

5. Immediately beneath language alleging that "[s]ome materials appear to have been dumped directly into navigable waters, in violation of Section 404 of the Clean Water Act," the body of the notice letter contains an illustrative photograph taken from Auguste Bayou. (CM/ECF Doc. No. 1-1 at 5).

6.	Exhibit 3 to the notice letter included 4 additional images depicting material dumped directly into receiving waters, along with the date, street location, medium, phase of the project, and a description for each photograph. (CM/ECF Doc. No. 1-1 at 17-41).

7.	Elizabeth Englebretson executed a declaration authenticating the illustrative photograph from the notice and the 5 total photographs referenced above. (Resp. to Statement of Facts Exh. 1).

8.	The scope of the notice included the areas listed in Exhibit 1 to the notice, which is a map of the entire project area and includes Bayou Auguste, Keegan Bayou, an unnamed bayou to the east of Bayou Auguste, and Biloxi Bay itself. (CM/ECF Doc. No. 1-1 at 13). The map of the project area includes all of the project phases.

9.	The notice informed ORC of its obligation to comply "'with all conditions'" of the Large Construction Storm Water Permit issued by the State of Mississippi, including the creation and implementation of pollution prevention plans "'designed to retain sediment on-site and to minimize the discharge of pollutants.'" (CM/ECF Doc. No. 1-1 at 7).

10.	Both the 2011 and 2017 Large Construction Storm Water Permits contain a prohibition on "[a]ctivities that affect waters of the State, including wetlands, without obtaining the necessary U.S. Army Corps of Engineers (COE) approval." (Resp. to Statement of Facts Exh. 2 at ACT2, Condition No. T-4, Exh. 3 at ACT2, Condition No. T-4).

11.	ORC self-identifies as a large, sophisticated contractor, with a designated "environment guy" for the Biloxi project who is "in charge of" overseeing environmental compliance. (Resp. to Statement of Facts Exh. 4, Williams Dep. at 25:11-15, 30:16-25, 31:8-11).

12. In entering the contract with the City of Biloxi in 2014, ORC expressly agreed to be responsible for complying with the Clean Water Act. (Resp. to Statement of Facts Exh. 4, Williams Dep. at Exh. 2)

13. In entering the contract with the City of Biloxi in 2014, ORC expressly agreed to be responsible for complying with the Large Construction General Permit. (Resp. to Statement of Facts Exh. 4, Williams Dep. at Exh. 4).

14. In entering the contract with the City of Biloxi in 2014, ORC expressly agreed to be responsible for complying with the Storm Water Pollution Prevention Plans. (Resp. to Statement of Facts Exh. 4, Williams Dep. at Exhs. 3-4).

15. ORC testified to its familiarity "with the fact that there's a kind of permit that often has to be pulled from the U.S. Army Corps of Engineers," that is sometimes referred to as "a 404 permit." (Resp. to Statement of Facts Exh. 4, Williams Dep. at 210:2-10).

16. ORC testified to its responsibility to "follow the [404] permit" where a project owner obtains one. (Resp. to Statement of Facts Exh. 4, Williams Dep. at 208:20-5, 209:1).

17. A sediment curtain was placed around a pile of material in Bayou Auguste in 2016 following a citizen complaint to the Mississippi Department of Marine Resources. (Resp. to Statement of Facts Exh. 1 ¶¶ 29-31).

18. A document produced by ORC entitled "North Contract Progress Meeting Agenda, May 4th, 2017 3:00 PM" contains the following agenda item:

> Sediment was pushed into Bayou Auguste next to the bridge, which needs to be cleaned up ASAP because that Bayou is receiving a national award.

(Resp. to Statement of Facts Exh. 5).

19.  ORC's Fourteenth Defense in its Answer stated the following: "All or parts of the activities described in the Complaint are barred because Oscar Renda's activities are covered by one or more exceptions to Section 404 of the Clean Water Act." (CM/ECF Doc. No. 6 at 11).

Dated this 14th day of February, 2018.

>Respectfully submitted,
>
>WALTZER WIYGUL & GARSIDE LLC
>
>/s/ Robert B. Wiygul_____
>Robert B. Wiygul, MS Bar #7348
>1011 Iberville Dr.
>Ocean Springs, MS 39564
>Tel: (228) 872-1125
>Fax: (228) 872-1128
>robert@wwglaw.com
>
>/s/ Elizabeth A. Fisher_____
>Elizabeth A. Fisher, MS Bar #105458
>Attorney at Law
>2816 Eagle Pine Dr.
>Ocean Springs, MS 39564
>Tel: (919) 909-9980
>efisher.attorney@gmail.com

## CERTIFICATE OF SERVICE

I, Robert B. Wiygul, certify that I have served a copy of this pleading to all counsel through their registered ECF email address this 14th day of February, 2018, as follows:

Todd Crawford:  TCrawford@frfirm.com

>/s/ Robert B. Wiygul\_\_\_\_