# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| GULF RESTORATION NETWORK ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:17cv130-LG-RHW |
| v. ) | |
| ) | Judge Louis Guirola, Jr. |
| OSCAR RENDA CONTRACTING, INC. ) | |
| ) | Magistrate Judge Robert H. Walker |
| Defendant. ) | |
| _____) | |

# **[PROPOSED] CONSENT JUDGMENT**

## **PARTIES**

1.  The Gulf Restoration Network (hereafter sometimes "GRN") is a coalition of environmental, social justice, citizens' groups, and individuals committed to protecting and restoring the valuable resources of the Gulf of Mexico to an ecologically and biologically sustainable condition.

2.  Oscar Renda Contracting, Inc. (sometimes hereafter "Oscar Renda" or "Oscar Renda Contracting") is a Texas corporation authorized to do and doing business in this district.

3.  For purposes of this Consent Judgment, GRN and Oscar Renda will collectively be referred to as the "Parties".

4.  This Court has jurisdiction over the subject matter herein and the parties to this action pursuant to 33 U.S.C. § 1365 and 28 U.S.C. §§ 1331 and 1355.

5.  Venue is proper in the United States District Court for the Southern District of Mississippi, pursuant to 33 U.S.C. § 1365, and 28 U.S.C. §§ 1391(b) and 1395(a), because it is the judicial district in which the matters at issue occurred. The parties stipulate that facts can be presented

1

demonstrating that venue is proper in this Court, and that this Court has proper jurisdiction over this matter.

## OBJECTIVES

6. The Complaint in this matter involves issues regarding Clean Water Act compliance associated with a construction project sometimes called the Biloxi North Infrastructure Project. The Parties agree that it is in their mutual interest to enter into a Consent Judgment that sets forth the terms and conditions appropriate to resolving this lawsuit.

7. It is the express purpose of the Parties to further the objectives set forth in section 101 of the Clean Water Act ("CWA"), 33 U.S.C. § 1251, and to resolve the Gulf Restoration Network's claims for civil penalties, injunctive relief, and for attorneys' fees and costs, as alleged in the Complaint, in a manner consistent with the public interest, the Clean Water Act, and the regulations promulgated thereunder.

8. This Consent Judgment constitutes a complete and final release of all civil claims arising out of the facts and circumstances giving rise to the Complaint in this matter. The provisions of this Consent Judgment apply to and are binding on GRN and Oscar Renda, each of their respective successors and/ or assigns, officers, agents, servants, employees, and any other individuals or entities in privity or concert with any of the foregoing or whose interests were adequately represented by one of the Parties in connection with this action.

## COMPLIANCE WITH 33 U.S.C. § 1365(c)

9. This Consent Judgment was submitted to the United States Department of Justice and the Environmental Protection Agency for the 45-day statutory review period on ___ day of ____ 2018, pursuant to 33 U.S.C. § 1365(c) and 40 C.F.R. § 135.5. On _____, 2019 the Court received a

response from the Department of Justice and the Environmental Protection Agency, and that response has been considered in the entry of this judgment.

**TERMS**

10. Within 30 days of entry of this judgment, Oscar Renda will contribute $300,000 to the Land Trust for the Mississippi Coastal Plain, a Mississippi 501(c)(3) non-profit corporation ("the Supplemental Environmental Project Payment"). The Supplemental Environmental Project payment shall be used for a "living shoreline" project, or another fish and wildlife habitat restoration project or projects with similar benefits, to be located in Biloxi, Mississippi in reasonable proximity to the Biloxi North Project. The parties represent that Oscar Renda is not required under any law, regulation or other compulsion to fund this project. This contribution, together with the payment of costs set forth in Paragraph 10, *infra*, is made in settlement of all claims asserted or that could have been asserted against Oscar Renda arising out of the facts and circumstances giving rise to this matter.

11. Within 30 days of entry of this judgment, Oscar Renda agrees to pay the Gulf Restoration Network, by wire transfer to its attorneys' account, $300,000 for its reasonable attorneys' fees and costs incurred in this action. The Parties agree that this payment fully discharges any and all claims GRN may have against Oscar Renda under any statutory fee-shifting provision(s), including but not necessarily limited to those set forth in 33 U.S.C. 1365(d), in connection with this matter. Other than the payment referred to in this paragraph, each Party is otherwise responsible for its own litigation costs and expenses.

12. Upon Court approval and entry of this Consent Judgment, the Gulf Restoration Network fully and finally releases and forever discharges Oscar Renda Contracting and its related, associated, affiliated, interrelated and subsidiary companies, and its and their entities, servants,

divisions, and its and their predecessors, successors, assigns, heirs, shareholders, incorporators, officers, executive officers, receivers, partners, directors, employees, attorneys, indemnitees, agents, and any other representatives ("Oscar Renda Released Parties") from and waives any and all liability, claims, demands, damages, costs, fees (including expert and attorney's fees), fines, liens, rights of action, and causes of action of whatever kind or nature, in law, equity, or otherwise that arise from the claims at issue in this lawsuit. For the avoidance of doubt, GRN agrees that this Consent Decree resolves all claims against Oscar Renda Contracting, along with its affiliates and other related entities, arising out of the facts and circumstances alleged in the Complaint. It is the intent of the parties that this Consent Judgment act as a full release of all civil claims that were or could have been brought in this action by the Gulf Restoration Network or any non-parties whose interests were adequately represented in this action.

13. Oscar Renda Contracting, on its own behalf and on behalf of those Released Defendant Parties under its control, releases the GRN from, and waives, all claims which arise from or pertain to the Complaint, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed for matters associated with or related to the Complaint.

14. In consideration of the payments described herein, GRN shall dismiss this action, with prejudice, except that this Court shall retain jurisdiction over the Action for the limited purposes of enforcement of the terms of this Consent Judgment and any associated orders. Any request for attorneys' fees and costs in the event of a request for enforcement will be determined pursuant to the provisions set forth in Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), and the case law interpreting same.

15. The Parties enter into this Consent Judgment for the purpose of avoiding prolonged and costly litigation. Nothing in this Consent Judgment shall be construed as, and Oscar Renda expressly does not intend to imply, an admission as to any fact, finding, issue of law, or violation of law, nor shall compliance with this Consent Judgment constitute or be construed as an admission by Oscar Renda of any fact, finding, conclusion, issue of law, or violation of law. However, this paragraph shall not diminish or otherwise affect the obligation, responsibilities, and duties of the Parties under this Consent Judgment.

16. This Consent Judgment may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document. An executed copy of this Consent Judgment shall be valid as an original.

17. In the event that any one of the provisions of this Consent Judgment is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

18. This Consent Judgment shall be deemed to have been drafted equally by the Parties, and shall not be interpreted for or against any Party on the ground that any such party drafted it. The language in all parts of this Consent Judgment, unless otherwise stated, shall be construed according to its plain and ordinary meaning.

19. This Consent Judgment shall be construed pursuant to Mississippi law, without regard to conflict of law principles.

20. The undersigned are authorized to execute this Consent Judgment on behalf of their respective parties and have read, understood, and agreed to be bound by all of the terms and conditions of this Consent Judgment.

21. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties concerning the subject matter of this Consent Judgment are contained herein.

This Consent Judgment and its attachments are made for the sole benefit of the Parties, and no other person or entity shall have any right or remedies under or by reason of this Consent Judgment, unless otherwise expressly provided therein.

22. Any notice or delivery of documents provided for by this Consent Judgment, or related thereto, shall be hand-delivered or sent by U.S. Mail or commercial delivery service (FedEx or UPS), postage prepaid, to the addresses listed below, unless delivery is required in electronic format, and then by email transmission to the email addresses listed below:

>  For the Gulf Restoration Network:
>
>  Robert B. Wiygul
>  1011 Iberville Drive
>  Ocean Springs, MS 39564
>  robert@wwglaw.com
>
>  For Oscar Renda Contracting:
>
>  Todd G. Crawford
>  Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
>  2501 14th Street, Suite 202
>  Gulfport, MS 39501
>  tcrawford@lawla.com

Each party shall promptly notify the other of any change in the above-listed contact information.

23. Signatures of the parties transmitted by facsimile or email shall be deemed binding.

24. This Consent Judgment may be amended or modified only by a writing signed by the Parties' authorized representatives, and thereafter upon court approval.

The Parties hereto enter into this Consent Judgment and respectfully submit it to the Court for approval and entry as an Order and final Judgment.

| | |
|---|---|
| Gulf Restoration Network | Oscar Renda Contracting, Inc. |
| By: *Robert B. Wiygul* <br> Robert B. Wiygul <br> Walter Wiygul & Garside <br> 1011 Iberville Drive <br> Ocean Springs, MS 39564 <br> robert@wwglaw.com | By: *Todd G. Crawford* <br> Todd G. Crawford <br> Lugenbuhl, Wheaton, Peck, Rankin & Hubbard <br> 2501 14th Street, Suite 202 <br> Gulfport, MS 39501 <br> tcrawford@lawla.com |
| Dated: 2/15/2019 | Dated: 2/15/2019 |

**So Ordered this \_\_\_\_ day of _____, 2019.**

_____
**JUDGE LOUIS GUIROLA, JR.**