IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| GULF RESTORATION NETWORK ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:17cv130-LG-RHW |
| v. ) | |
| ) | Judge Louis Guirola, Jr. |
| OSCAR RENDA CONTRACTING, INC. ) | |
| ) | Magistrate Judge Robert H. Walker |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF PROPOSED CONSENT JUDGMENT**

MAY IT PLEASE THE COURT:

Plaintiff Gulf Restoration Network and defendant Oscar Renda Contracting, Inc., move this Honorable Court for entry of the proposed consent judgment submitted with this motion as Exhibit 1 for the following reasons, to wit.

1.

Because the claims being settled are part of a citizen enforcement action pursuant to the federal Clean Water Act, which imposes certain procedural requirements on the parties and the Court, the parties propose the following procedure for consideration and possible entry of the proposed consent judgment.

2.

Counsel is not aware of any specific Fifth Circuit jurisprudence on the standards for entry of a consent judgment. However, the Ninth Circuit has approved entry of consent orders in situations like the present one if the proposed judgment is fair, equitable, and does not violate public policy:

> While it is clear that a court cannot order a defendant in a citizens' suit to make payments to an organization other than the U.S. treasury, this prohibition does not extend to a settlement agreement whereby the defendant does not admit liability and the court is not ordering non-consensual monetary relief. "[C]onsent decrees bear some of the earmarks of judgments entered after litigation. At the same time, because their terms are arrived at through mutual agreement of the parties, consent decrees also closely resemble contracts." *Local No. 93, Int'l Ass'n of Firefighters, AFL–CIO v. City of Cleveland,* 478 U.S. 501, 519, 106 S.Ct. 3063, 3073, 92 L.Ed.2d 405 (1986).
>
> Because of the unique aspects of settlements, a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy. *See Citizens for a Better Environment v. Gorsuch,* 718 F.2d 1117, 1125–26 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1219, 104 S.Ct. 2668, 81 L.Ed.2d 373 (1984); *cf. Davis v. City and County of San Francisco,* 890 F.2d 1438, 1444–45 (9th Cir.1989) (district court reviews proposed consent decree in a class action suit brought under Fed.R.Civ.P. 23(c) to determine whether the settlement is "fundamentally fair, adequate and reasonable") (quoting *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco,* 688 F.2d 615, 625 (9th Cir.1982), *cert. denied,* 459 U.S. 1217, 103 S.Ct. 1219, 75 L.Ed.2d 456 (1983)).
>
> In *Local No. 93,* the Supreme Court upheld a district court's order entering a consent decree that went beyond the type of relief provided by the civil rights statute under which the suit had been brought. 478 U.S. 501, 106 S.Ct. 3063. The Court stated that "a federal court is not necessarily barred from entering a consent decree merely because the decree provides broader relief than the court could have awarded after a trial." 478 U.S. at 525, 106 S.Ct. at 3077. As long as the consent decree comes " 'within the general scope of the case made by the pleadings,' " furthers "the objectives upon which the law is based," and does not "violate[ ] the statute upon which the complaint was based," the parties' agreement may be entered by the court. *Id.* at 525–26, 106 S.Ct. at 3077–78 (quoting *Pacific R. Co. v. Ketchum,* 101 U.S. 289, 297, 25 L.Ed. 932 (1880) (citations omitted)).

*Sierra Club v. Electronic Controls Design,* 909 F.2d 1350, 1355 (9th Cir. 1990).

3.

The parties submit that the settlement embodied in the proposed consent judgment is fair, reasonable and equitable in the circumstances of this case.  While the judgment contains the traditional disclaimer that nothing in the agreement constitutes an admission by any party of the merits of any claim or dispute, the parties are further in agreement that the terms of the judgment come within the general scope of the pleadings, further the objectives of the underlying statutes, and do not violate the provisions of the underlying statutes.

4.

The citizen suit provision of the Clean Water Act provides that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA.  33 U.S.C. § 1365(c); 40 C.F.R. § 135.5.  The parties have provided a copy of the proposed consent judgment to the U.S. Attorney General and the Administrator of the U.S. EPA by overnight delivery, for delivery on Monday, February 18, 2019.  The time period for comment from these entities therefore expires on April 14, 2019.  The parties note that the relevant statutory provision does not require approval from the EPA or the Attorney General, but do allow a notice period in which those entities may address any comments to the Court.

For the reasons set forth above the parties respectfully request that, following the lapse of the 45 day comment period on April 14, 2019, the Court enter the proposed consent judgment.

Dated this 15th day of February, 2019.

Respectfully submitted,

/s/ Robert B. Wiygul_____
Robert B. Wiygul (MSB #7348)
WALTZER WIYGUL & GARSIDE LLC
1011 Iberville Dr.
Ocean Springs, MS 39564
Tel: (228) 872-1125
robert@wwglaw.com
*Attorney for Plaintiff*

/s/ Todd G. Crawford_____
Todd G. Crawford (MSB #102620)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
2501 14th Street, Suite 202
Gulfport, MS 39501
tcrawford@lawla.com
*Attorney for Defendant*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 15, 2019, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which sent notification of such filing to the following: Todd G. Crawford, MS Bar #102620 (counsel for Defendant), and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: N/A.

                                      */s/ Robert B. Wiygul*_____
                                      Robert B. Wiygul (MSB #7348)